## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EARL MARTIN,**

      **Petitioner,**

**v.**                                        **Case No. 8:03- CV-576-T-27TGW**

**JAMES V. CROSBY, JR., et al.,**

      **Respondents.**

_____/

## O R D E R

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 1998 convictions on drug-related charges entered by the Sixth Judicial Circuit Court, Pinellas County, Florida. Respondent filed a response to the petition (Dkt. 11), and Petitioner has filed a reply thereto (Dkt. 17). The matter is now before the Court for consideration of the merits of the petition.

### Background

Represented by counsel (Dkt.12, Ex. 19, Vol. I at R. 11), Petitioner rejected the State's offer to seek a sentence of only 10 years in exchange for a plea of guilty, *see* Dkt. 12, Ex. 10 at Tr. 7, and proceeded to a trial by jury in Case No. 97-21703CFANO on April 22, 1998. The jury returned a verdict of guilty on a charge of sale or delivery of cocaine (Dkt.12, Ex. 19, Vol. I at R. 58). On May 13, 1998, Petitioner entered a counseled plea of guilty to the charge of possession of cocaine in Case No. 98-00529CFANO. Petitioner was sentenced in Case No.

97-21703CFANO as a habitual felony offender to a term of 30 years in prison, with the condition that after he serves 20 years of his sentence, he will be placed on probation for 10 years (Dkt. 12, Ex. 19, Vol. I at R. 75). In Case No. 98-00529CFANO, Petitioner was sentenced to a term of 5 years, with the sentences in both cases to run concurrently. On direct appeal, Petitioner challenged his sentence as an habitual felony offender on procedural grounds (Dkt. 12, Ex. 1). The appellate court affirmed Petitioner's conviction and sentence on March 12, 1999. *See Martin v. State*, 731 So.2d 665 (Fla. 2d DCA 1999) (table decision).

On November 15, 1999, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 12, Ex. 5). Finding that the record refuted 7 of Petitioner's 10 claims for relief, the trial court summarily denied the refuted claims on January 9, 2001, *see* Dkt. 12, Ex. 7, and ordered the State to respond to the remaining 3 claims of ineffective assistance of counsel, *see* Dkt. 12, Ex. 9. The Office of the Public Defender for the Sixth Judicial Circuit was appointed to represent Petitioner at an evidentiary hearing held on May 25, 2001 (Dkt. 12, Ex. 10 at R. 192). At the close of testimony, the trial court orally denied the remainder of Petitioner's claims. *Id.* at R. 226-29. A final written order denying the Rule 3.850 motion was entered on May 29, 2001 (Dkt. 12, Ex. 11).

The Office of the Public Defender for the Tenth Judicial Circuit was appointed to represent Petitioner on appeal in the Rule 3.850 proceedings. Acknowledging that some of the issues raised in the appellate brief were not raised in Petitioner's Rule 3.850 motion (Dkt. 12, Ex. 12 at 2), post-conviction appellate counsel nonetheless urged the appellate court to consider claims that: (1) the post-conviction court erred in rejecting Petitioner's claims that trial counsel was ineffective for failing to object to (a) improper "general customs" testimony;

2

(b) improper opinions on Petitioner's guilt and his co-perpetrator's credibility; (c) improper "bad neighborhood" testimony; and (d) remarks by the prosecutor which indicated Petitioner had been involved in uncharged criminal activity; and (2) the trial court erred in summarily denying Petitioner's motion to withdraw his plea in Case No. 98-00529CFANO (Dkt. 12, Ex. 12). As appellate counsel acknowledged, only three of these claims (1(a), 1(d), and 2) were raised in the Rule 3.850 motion.[1] *Id.* at 2. The appellate court affirmed the trial court's decision per curiam, without written opinion, on October 18, 2002. *See Martin v. State*, 833 So.2d 133 (Fla. 2d DCA 2002) (table decision).

While his Rule 3.850 motion was pending, Petitioner filed a petition for state habeas relief (Dkt. 12, Ex. 17). Petitioner asserted that appellate counsel was ineffective for failing to challenge the trial court's denial of his motion for judgment of acquittal. The appellate court entered an order denying the petition on January 4, 2000. *Martin v. State*, 755 So.2d 122 (Fla. 2d DCA 2000) (table decision).

Petitioner filed the present petition on March 25, 2003 (Dkt. 1). He raises the following claims for relief:

1. Ineffective assistance of appellate counsel for failing to thoroughly review the record and prepare an appeal on the denial of trial counsel's motion for judgment of acquittal;

2. Ineffective assistance of trial counsel for failing to investigate Petitioner's innocence and file a pretrial motion to suppress evidence and statements by co-perpetrator Millwood;

3. Denial of due process by prosecutor's improper comments during his opening statement and closing argument;

---

[1] Claims raised by Petitioner on appeal of the denial of the Rule 3.850 motion which were not presented to the trial court are not addressed herein. *See* discussion of procedural default *infra*.

3

4.  Ineffective assistance of trial counsel by failing to call Petitioner's live-in girlfriend as a witness;

5.  Ineffective assistance of trial counsel by failing to object and move for a mistrial when improper prejudicial testimony was admitted;

6.  The trial court erred in denying Petitioner's Rule 3.850 motion for post-conviction relief because it is clear from the face of the record that this is a clamity [sic] of events that clearly shows that trial counsel was deficient;

7.  Ineffective assistance of trial counsel for failing to file a motion to dismiss the charges based on the arresting officer's statement;

8.  Ineffective assistance of trial counsel for failing to establish a viable defense;

9.  Petitioner's plea in Case No. 98-00529 was induced as a result of ineffective assistance of counsel in Case No. 97-21703; and

10. Ineffective assistance of trial counsel for stipulating to the fact that the substance was cocaine without the testimony of a professional chemist.

Dkt. 1.   Respondent acknowledges that the petition is timely but argues that seven of the claims are procedurally barred, and the three remaining claims should be denied because Petitioner has failed to make the showing necessary for relief under 28 U.S.C. §§ 2254(d)-(e) (Dkt. 11 at 10).  Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, for reasons set forth below, the Court finds that Petitioner has not demonstrated that he is entitled to federal habeas relief.

### Standard of Review

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state

court initially considers the issues raised in a habeas petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Pursuant to § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id*. at 16 (quoting *Early v. Packer,* 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed

in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## Discussion

Since Petitioner's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Petitioner's claims. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

**Procedural Default**

Grounds Two, Four, Seven, Eight, and Ten were raised in Petitioner's Rule 3.850 motion. He did not, however, appeal the trail court's order denying those grounds. Accordingly, Petitioner is not entitled to a review of these claims on the merits because those claims are unexhausted and therefore procedurally barred. On appeal, Petitioner only challenged the denial of three of the ten grounds for relief raised in his Rule 3.850 motion, presented herein as Grounds Three, Five, and Nine (Dkt. 12, Ex. 12 at 2). The failure to appeal Grounds Two, Four, Seven, Eight and Ten results in a procedural default. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979)[2] ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial."). *See also Hankins v. Delo*, 977 F.2d 396 (8th Cir. 1992) (petitioner was barred from raising issues in

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

his federal habeas petition which were not asserted on the appeal from the denial of his post-conviction motion); *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.) (petitioner waived ineffective assistance of counsel claim even though it was raised in a post-conviction motion because he failed to appeal the denial of said motion), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991) (claims presented in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings). Accordingly, Grounds Two, Four, Seven, Eight, and Ten are not exhausted. Moreover, because Petitioner cannot now appeal that decision, *see* Fla. R. Crim. P. 3.850(g), Petitioner is barred from raising them on federal habeas review.[3]

Pointing to the statement in his Rule 3.850 appellate brief asserting that "the [trial] court erred in denying Petitioner's 3.850 motion because the record proves trial counsel was ineffective," Petitioner argues that all grounds raised in the Rule 3.850 motion were presented to the state appellate court (Dkt. 17 at 1). This argument is unavailing. *See Duest v. Dugger*, 555 So.2d 849, 851-52 (Fla. 1990) (rejecting petitioner's attempt to raise claims by simply referring to arguments presented in his Rule 3.850 motion, the court held that "[m]erely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived."). Petitioner's state appellate brief states, clearly and unambiguously, that "[t]he denial of grounds 3, 4, and 11 [Grounds Three, Five, and Nine herein] will be addressed in this appeal" (Dkt. 12, Ex. 12 at 2). All other issues raised in the Rule 3.850 motion were, therefore, abandoned.

---

[3] If a Petitioner fails to exhaust his federal constitutional claim, the federal courts may find the unexhausted claim to be procedurally defaulted "if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam). In addition, if the Court finds that the unexhausted claim(s) would now be procedurally defaulted, the "exhaustion requirement and procedural default principles combine to mandate dismissal" of those claims. *Id.* (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998)).

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[4] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. See *Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner does not allege cause and prejudice for his default or present a colorable claim that a fundamental miscarriage will occur if the Court does not review the merits of these claims. Grounds Two, Four, Seven, Eight, and Ten are, therefore, dismissed with prejudice.

**Exhausted Grounds**

Ground One was raised by Petitioner in an application for state habeas relief (Dkt. 12, Ex. 17). Grounds Three, Five, and Nine were raised in Petitioner's Rule 3.850 motion and on appeal from the trial court's decision denying the motion. They are, therefore, properly before the Court.

In Ground Six, Petitioner argues that the trial court erred in denying his Rule 3.850 motion. It is well-settled that a petitioner's claim as to issues unrelated to the cause of detention does not state a basis for habeas relief. *See Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004) (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's Rule 3.850 motion)); *see also*

---

[4] *See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

*Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself" (internal quotes omitted)); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings").  "Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince*, 360 F.3d at 1262 (citation omitted).  Ground Six is accordingly dismissed.

**Ineffective Assistance of Counsel**

In Grounds One, Three, Five, and Nine, Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel.  To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms.  *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

9

The *Strickland* standard of review also applies to ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992). In *Jones v. Barnes*, 463 U.S. 745 (1983), the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. The Court suggested that effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious. *Id.* at 751-52.

In its order denying Petitioner's ineffective assistance of counsel claims, the trial court set forth the following standard of review:

> To sustain an ineffective assistance claim, a defendant must show deficient performance and personal prejudice as originally articulated in *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Both the performance and prejudice components must be satisfied. In the event a defendant fails to satisfy one component, the inquiry ends, and the reviewing court need not determine if the defendant satisfied the other. *See Maxwell, v. Wainwright*, 490 So.2d 927 (Fla. 1986).

Dkt. 12, Ex. 7 at 1. Because the trial court set forth the correct standard of review for an ineffective assistance of counsel claim, to be entitled to relief under § 2254, Petitioner must establish that its application of the *Strickland* standard in reaching the determination that the claims raised in his Rule 3.850 motion lack merit was objectively unreasonable or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d).

**Ground One**

Petitioner asserts that he received ineffective assistance of counsel on direct appeal when appellate counsel failed to assert that the trial court erred in denying Petitioner's motion for judgment of acquittal. As stated *supra*, this claim was raised by Petitioner in a petition for

10

state habeas relief (Dkt. 12, Ex. 17).    Although the state court denied relief without written opinion, in this circuit, a "state court's summary, which is to say unexplicated, rejection of the federal constitutional issue qualifies as an adjudication under § 2254(d) so that it is entitled to deference." *Isaacs v. Head*, 300 F.3d 1232, 1259 (11th Cir. 2002) (citing *Wright v. Sec. of Dept. of Corrs.*, 278 F.3d at 1255)).

The record reveals that after the prosecution rested its case, trial counsel moved for a directed verdict, stating: "At this time, your Honor, the defense would move for a directed verdict of acquittal on the ground that the State has failed to prove a prima facie case" (Dkt. 12, Ex. 7, Ex. G attached thereto at Tr. 73).[5]  During the bench conference which occurred after the jury deliberations concluded, but prior to the reading of the jury's verdict, trial counsel stated, "I would renew my prior motion."   The trial court responded: "Okay.   Same ruling." *See* Dkt. 12, Ex. 7, Ex. G attached thereto at Tr. 100. Under Florida law, trial counsel's motions were not sufficiently detailed to preserve this issue. *See Stephens v. State*, 787 So.2d 747, 753 (Fla. 2001) ("This claim was not preserved for appeal because Stephens' counsel made a bare bones motion for judgment of acquittal, without any specific argument) (citing *Woods v. State*, 733 So.2d 980 (Fla. 1999) (finding that "a boilerplate motion for acquittal without fully setting forth the specific grounds upon which the motion was based" is insufficient to preserve the issue for appeal because it failed to "bring to the attention of the trial court any of the specific grounds he now urges this Court to consider.")).  Again, while

---

[5] "If, at the close of the evidence for the state or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion of the prosecuting attorney or the defendant shall, enter a judgment of acquittal. . . . A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant. The motion must fully set forth the grounds on which it is based." Fla. R. Crim. P. 3.380(a)-(b).

the state court did not state explicitly that trial counsel failed to preserve this issue, it did so implicitly by denying the petition for habeas relief.

Since the matter complained of in this claim was not preserved for review on appeal, appellate counsel was procedurally barred from raising it on direct appeal and therefore was not deficient in failing to attempt to do so. *See Jackson v. Singletary*, 931 F.2d 712 (11th Cir. 1991), *cert. denied*, 502 U.S. 973 (1991). *See also* Fla. R. Crim. P. 3.380 (requires that a motion for judgment of acquittal "fully set forth the grounds on which it is based.").

Having failed to establish that appellate counsel's performance was deficient, Petitioner fails to meet the first prong of the *Strickland* test. This Court finds that the trial court's decision that Petitioner was not entitled to relief on this claim is not contrary to, or an unreasonable application of, clearly established Federal law or in an unreasonable determination of the facts of Petitioner's case. 28 U.S.C. § 2254(d).

**Ground Three**

Petitioner asserts that the statement by the prosecutor during his opening statement and closing argument that "the defendant uses drugs to barter whatever he want[s]" violated his right to due process because it "suggested to the jury that [P]etitioner had been involved in uncharged criminal activity" (Dkt. 1 at 8). This claim was determined to be procedurally barred by the trial court when Petitioner raised it in his Rule 3.850 motion:

> Defendant alleges that he was denied a fair trial because of prejudicial remarks made by the prosecution during opening and closing statements. Rule 3.850 specifically excludes relief based on grounds that should have been raised on direct appeal. Improper argument in opening and closing statements is an issue that should have been addressed on direct appeal. *See Kelley v. State*, 569 So.2d 754 (Fla. 1990). This claim is denied.

Dkt. 12, Ex. 7 at 2.

Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addressing the effect in federal court of a finding by the state court of procedural fault to a claim for post-conviction relief, the Eleventh Circuit has held that:

> To obtain a writ of habeas corpus under §§ 2254, a petitioner must not have procedurally defaulted his federal claims in the state courts. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 82-85, 97 S.Ct. 2497, 2504-06, 53 L.Ed.2d 594 (1977). "Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Johnson v. Singletary,* 938 F.2d 1166, 1173 (11th Cir.1991) (en banc) (citing *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989)).

*Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001). *See also Stewart v. LaGrand,* 526 U.S. 115 (1999) (holding that where the state court held that the petitioner's ineffective-assistance arguments were barred pursuant to a state procedural rule, petitioner must demonstrate cause or prejudice).

Petitioner has not shown either cause or prejudice that would excuse the default. Neither has Petitioner alleged the applicability of the actually innocent exception. It would, therefore, be improper for this Court to address the merits of this claim. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995) ("Absent a showing of cause and prejudice, federal habeas courts may not reach the merits of '*procedurally defaulted claims* in which the petitioner failed to follow applicable state procedural rules in raising the claims'" (emphasis in original) (citation omitted)).

**Ground Five**

Petitioner asserts that trial counsel was ineffective for failing to move for a mistrial when the State elicited testimony from Deputies Roscoe Dobson and Joshua Waulk that,

based on their experience and training in law enforcement, the method by which Petitioner

transferred items from his hand to Millwood was consistent with the techniques that drug

dealers use when exchanging drugs for money.[6] Petitioner also contends that the trial court

misapplied the harmless error standard in rejecting this claim.[7]

During the Rule 3.850 evidentiary hearing, the trial court addressed Petitioner's

complaint about trial counsel's performance, stating:

> Certainly there are cases that say that law enforcement can [sic] testify in
> a trial as to what is common among drug dealers even if they're declared
> to be an expert. They can't testify to that. That has been ruled by Courts
> and I'm not sure what the case is, but I know there's one there, that is
> subject to being reversed. And I guess if the case were such that all we
> had was the officers saying that he saw Mr. Martin and Millwood meet in
> a hallway, that it looked like there was some movement that would indicate
> an exchange of something and that, in their experience –
> and one of the officers did testify as to having been involved in fifty arrests
> that that is indicative of a drug transaction – if that's all there were, then I'd
> say, yeah, let's give him a new trial.

> But that isn't all there was. We have the co-perpetrator of the crime who
> testified during the trial.

> Apparently from everything that I've heard, Mr. Millwood's testimony went
> unrebutted in that he talked to Martin, Martin wanted to borrow his car, they
> met in the hallway. Martin gave the ten dollars and piece of crack and
> Millwood gave him the keys and what the officer testified to as to what he
> saw in my mind just corroborates what Millwood testified to.

---

[6] In his Petition, Petitioner also references "bad neighborhood testimony" (Dkt. 1 at 11). He fails, however, to present any argument in support of such a claim. To secure a hearing on his claims, a habeas petitioner must allege facts, which, if true, would entitle him to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal habeas court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *See Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc).

[7] "No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed." Fla. Stat. 59.041 (1967). Under Fla. Stat. 924.051(7), "[i]n a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court."

> Therefore, I am going to rule that the fact that the defense attorney – while he objected – did not at that time move for a mistrial in my mind is harmless error, there's sufficient testimony even without that from Millwood that this is what happened. I think even with the motion for mistrial which would I assume would have been denied, Mr. Martin in my mind would have been convicted anyway. So therefore there hadn't been a clear showing that the performance of Mr. O'Leary was different [sic].

Dkt. 12, Ex. 10, Transcript of Evidentiary Hearing at 38-40. Adopting and incorporating by reference its prior findings and rulings, the trial court entered a written order finding as follows:

> Defendant alleges counsel was ineffective for not moving for a mistrial after the admission of improper and prejudicial testimony. The testimony at issue is a police officer's statement that Defendant's method of transferring items from his hand to his co-defendant was consistent with the techniques that drug dealers use when exchanging drugs for money.

> This Court recognizes that this type of evidence has routinely been held inadmissible as highly prejudicial and irrelevant. If the officers' testimony was the only evidence of a drug transaction, Defendant's motion would be entitled to a new trial based on this claim. However, the co-perpetrator of the crime, Millwood, also testified at trial and told the jury exactly how the sale of cocaine took place. *See* Exhibit A. Based on this direct evidence, the officers' testimony merely corroborated Millwood's testimony, and any improper evidence constitutes harmless error. There is no clear showing that absent the officers' testimony, there is a reasonable probability that the result of the trial would have been different.

Dkt. 12, Ex. 11 at 2.

The record supports the trial court's findings. Millwood testified that Petitioner came to his motel room and offered him $10 in exchange for the use of his car. Millwood further testified that he accepted Petitioner's offer and asked him for a "rock" of crack cocaine. Petitioner went to his motel room. According to Millwood, when Petitioner returned, he gave Millwood the cocaine, and Millwood gave him the car keys. The officers found a rock of crack cocaine on the floor of Millwood's motel room. Millwood testified that the cocaine was given to him by Petitioner.

The officers testified that when they witnessed the exchange between Millwood and Petitioner, they believed that they had just witnessed a drug transaction. This belief was, according to the officers' testimony, based on their experience as law enforcement officers

and information they received during training (Dkt. 12, Ex. 19, Vol. II at 34-35; 61; 65-66). Taken in context, it is objectively reasonable to conclude that the testimony was used to explain the basis for the officers' decision to approach Millwood and request permission to enter his room rather than to convert otherwise innocent behavior by Petitioner to evidence of his guilt. *Id.* When Millwood was arrested for possession of the cocaine found inside the room, he informed the officer interviewing him that he got the cocaine from Petitioner (Dkt. 12, Ex. 19, Vol. II at 72-73).

Petitioner's defense was to deny that any drug transaction took place, asserting that all he gave Millwood was $10 in exchange for the use of his car (Dkt. 12, Ex. 19, Vol. II at 46). Trial counsel argued that Millwood fabricated the story about the drug transaction because he needed a bargaining tool when "negotiating" with the officers during his arrest for cocaine possession (Dkt. 12, Ex. 19, Vol. II at Tr. 25).   During cross-examination, trial counsel attempted to discredit the testimony given by Millwood and the officers based on the inconsistencies in their respective descriptions of the alleged drug transfer.

The jury was instructed that before it could find Petitioner guilty of the sale or delivery of cocaine, the State must prove the following three elements beyond a reasonable doubt: (1) Petitioner sold or delivered a certain substance; (2) the substance was cocaine; and (3) Petitioner had knowledge of the presence of the substance (Dkt. 12, Ex. 19, Vol. II at Tr. 101). Trial counsel stipulated that the substance the officers found on the floor of Millwood's room was cocaine (Dkt. 12, Ex. 19, Vol. II at Tr. 44-45).   The jury found that the evidence showed beyond a reasonable doubt that Petitioner was guilty of the sale or delivery of cocaine.   As demonstrated above, the evidence met this standard without the testimony by the officers regarding their experience and training in law enforcement.

The trial court correctly applied the *Strickland* standard in finding that trial counsel was not ineffective for failing to move for a mistrial based on the officers' testimony. *See*

*Strickland*, 466 U.S. at 694. The trial court's conclusion that given Millwood's testimony, the testimony by the officers was merely corroborative is not objectively unreasonable.

Notably, when questioned during the Rule 3.850 evidentiary hearing regarding his failure to object to the officers' testimony, trial counsel testified:

| | |
|---|---|
| State: | And in your cross-examination of the police officer, did you attempt to elicit from him the fact that he really doesn't see what was transacted? |
| Trial counsel: | Yes, that was the crux of the defense case; yes, ma'am. |
| State: | When you heard this testimony of the police officer, was it a high concern of yours to get this objected to and get it disregarded by the jury? |
| Trial Counsel: | No. |
| State: | Or did you have other concerns in the trial? |
| Trial Counsel: | I wanted to minimize that. My main concern was a [sic] Millwood. He was my biggest problem. |
| State: | And so you just testified you wanted to minimize the effect of law enforcements' testimony? |
| Trial Counsel: | Yes, ma'am. |
| State: | Do you think it would have enhanced the testimony if you had objected to it and brought the jury's attention to it? |
| Trial Counsel: | Probably. |

Dkt. 12, Ex. 10 at Tr. 20-21. This circuit reviews a lawyer's conduct under the "performance" prong of the *Strickland* test "with considerable deference, giving lawyers the benefit of the doubt for 'heat of the battle' tactical decisions." *Johnson v. Alabama,* 256 F.3d at 1176 (citing *Mills v. Singletary,* 161 F.3d 1273, 1285-86 (11th Cir. 1998) (noting that the *Strickland* performance review is a "deferential review of all of the circumstances from the perspective of counsel at the time of the alleged errors")). Trial counsel's testimony that he made a tactical decision to minimize the officers' testimony about their experience and training in law enforcement further supports the trial court's rejection of Petitioner's ineffectiveness claim

under *Strickland's* performance prong. *See Holladay v. Hale*, 209 F.3d 1243, 1253 n. 6 (11th Cir. 2000) ("A tactical decision is ineffective only 'if it was so patently unreasonable that no competent attorney would have chosen it.'") (quoting *Adams v. Wainwright*, 709 F. 2d 1443, 1445 (11th Cir. 1983)); *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (finding that the appropriate inquiry is whether some reasonable attorney could have acted as the petitioner's attorneys did in his trial). In the present case, Petitioner has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 1511 (citation omitted).

As to Petitioner's assertion that the trial court incorrectly applied the harmless error doctrine by substituting itself for the trier-of-fact and weighing the evidence rather than focusing on the effect of the error on the verdict, *see Cardenas v. State*, 867 So.2d 384, 395 (Fla. 2004) (quoting *State v. DiGuilio,* 491 So.2d 1129, 1139 (Fla.1986)), the Court finds Petitioner's strained reading of the trial court's decision unpersuasive.[8] The trial court's finding that Petitioner failed to demonstrate "that absent the officers' testimony, there is a reasonable probability that the result of the trial would have been different" is merely a restatement of the second prong of the test enunciated in *Strickland*, 466 U.S. at 694 ("[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"), rather than a misapplication of the harmless error standard enunciated in *DiGuilio* ("[t]he question is whether there is a reasonable possibility that the error affected the verdict").

---

[8] The crux of Petitioner's complaint is the allegation that the trial court erred in applying the harmless error test in reaching its conclusion that trial counsel was not ineffective for failing to seek a mistrial on grounds that the officers' testimony regarding their experience and training was improper. While the Florida courts routinely prevent the admission of testimony by law enforcement officers regarding general criminal behavior based on their training and experience, where Florida courts have found that such testimony was improper, they apply a harmless error test to determine whether there is a reasonable possibility that the error affected the verdict. *See Cardenas v. State*, 867 So.2d 384 (Fla. 2004); *McBride v. State*, 903 So.2d 373, 374-75 (2005).

In Florida courts, "[a]pplication of the [harmless error] test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." *State v. DiGuilio*, 491 So.2d at 1135.  The record reflects that the trial court reviewed all of the evidence presented during the trial. Concluding that the officers' testimony as to what they saw corroborated testimony by Petitioner's co-perpetrator, the trial court found that the testimony regarding their experience and training in law enforcement "constitutes harmless error."  Federal courts do not require a "particular formulaic indication by state courts before their review for harmless federal error will pass federal scrutiny." *Sochor v. Florida*, 504 U.S. 527, 540 (1992).  As in the instant case, "a plain statement that the judgment survives on such an enquiry" is sufficient. *Id.* Because the § 2254 standard focuses on the result of the state proceeding rather than the reasoning that led to it, nothing in the statute requires that an adjudication be accompanied by an opinion explaining the court's rationale. *See Wright v. Sec. for Dep't of Corrs.*, 278 F.3d at 1255.

The trial court's decision on Petitioner's claim was not "contrary to" clearly established federal law as determined by the United States Supreme Court, nor did it involve an "unreasonable application" of such law. 28 U.S.C. § 2254(d)(1). Petitioner has failed to establish entitlement to federal habeas relief on this issue.

**Ground Nine**

Petitioner contends that the plea he entered in Case No. 98-00529 was induced as a result of ineffective assistance of counsel in Case No. 97-21703.  In addressing this claim, the trial court stated:

> Defendant alleges that his plea of guilty in case number CRC 98-00529CFANO was not completely voluntary for two reasons.  First, defendant claims that his trial counsel did not adequately represent him in case number CRC97-21703CFANO, so Defendant felt he was forced to enter a plea in case number

19

CRC 98-00529CFANO.   However, transcripts reveal that Defendant was actually impressed with his counsel's performance at trial.   *See* Exhibit B, Excerpts of Change of Plea Proceedings on April 22, 1998, and excerpts of Motion to Reconsider Sentence Hearing on May 13, 1998.   The record therefore refutes Defendant's contention that he was in any way forced to enter a plea because he did not believe his attorney was competent.

Second, Defendant asserts that the Court failed to make appropriate inquiry as to whether Defendant understood his rights prior to entering his plea.   A court accepting a plea of guilty must carefully inquire into a defendant's understanding of the plea so that the record contains an affirmative showing that the plea was intelligent and voluntary. *Koenig v. State*, 597 So.2d 256 (Fla. 1992).   The record in this case reflects that the Court did so inquire.   *See* Exhibit C, Change of Plea Proceedings on April 22, 1998.  Because the record refutes Defendant's allegations, this claim is denied.

Dkt. 12, Ex. 7 at 2-3.

As discussed above, Petitioner has failed to establish that trial counsel's performance was deficient in Case No. 97-21703CFANO. Moreover, when he entered his plea in Case No. 98-00529CFANO, and again during sentencing, Petitioner expressed his belief, under oath, that he was advised by competent counsel:

| | |
|---|---|
| Court: | All right.   You've been represented by Mr. O'Leary.   You've been satisfied with his representation? |
| Petitioner: | Right now I'm kind of in shock, your Honor [sic]. |
| Court | You're kind of what? |
| Trial Counsel: | In shock. |
| Court: | In shock.  Well, you're in shock because you probably thought he did a pretty darn good job and you were optimistic about a different result.  Isn't that a pretty fair statement. |
| Petitioner: | Yes, your Honor. |
| | . . . . . |
| Court: | Mr. Martin, is there anything you would like to say before the Court imposes sentence? |
| Petitioner: | Yes, your Honor.  I'd like to say that I didn't have any guts.  I knew basically I was facing a lot and I thought that Mr. O'Leary was putting up a good fight.  I was expecting a different verdict. |

20

Dkt. 12, Ex. 19, Vol. II at Tr. 121-22; 127. At the hearing held on Petitioner's Motion to Reconsider Sentence on May 13, 1998, Petitioner continued to express confidence in trial counsel's performance:

> Court:      Okay. I think I understand your respective positions. Mr. Martin, I seem to recall thinking to myself, if the jury comes back guilty on this, this is going to be one sorry individual. This was a well-tried case. I think you acknowledge that. In fact, I think you thought your attorney did so good of a job that you anticipated a not guilty. Is that a fair statement?
>
> Petitioner:  Yes, Your Honor. I have to say I was impressed. At first I was very skeptical. But I have to say due to what transpired and all of the evidence, I was impressed.

Dkt. 12, Ex. 19, Vol. I at R. 121. The Court finds Petitioner's post-conviction assertion that he entered the plea to the charge in Case No. 98-00529CFANO because he believed trial counsel was ineffective in handling Case No. 97-21703CFANO incredulous, as is his claim that his plea was not "knowing and voluntary" because trial counsel misadvised him regarding the consequences of his plea.

Accepting, *in arguendo*, that trial counsel made the statements Petitioner attributes to him, the record refutes Petitioner's assertion that his plea should be set aside because he was denied effective assistance of counsel. *See* Dkt. 12, Ex. 19, Vol. II at R. 14. Petitioner was offered a 10-year sentence in Case No. 97-21703 in exchange for a guilty plea to the sale or delivery of cocaine charge – an offer which Petitioner decided to reject. *Id.* at 12-13. After the jury was impaneled, but before the trial commenced, trial counsel informed the trial court that Petitioner had requested that he "convey . . . his willingness to plead to nine years if your Honor would consider suspending some of them." *Id.* at 12  When the trial court rejected the offer, Petitioner, speaking on his own behalf, informed the trial court that he understood that the State was requesting that his sentence be imposed "under [the] habitual offender's act." Petitioner argued that he was not qualified for habitualization because he did not "fit within the habitual category." *Id.* at 13.

The trial court reviewed his criminal history with Petitioner before finding that he qualified for sentencing as a "career criminal." The trial court then advised Petitioner that his "exposure on just this charge that we're on trial for is up to thirty years." *Id.* at 16. Petitioner was then informed that he was "not going to get a ten year sentence . . . as a[n] habitual offender." *Id.*

Petitioner received a guideline sentence in Case No. 98-000529. Once the trial court made the finding that he was an habitual offender, Petitioner was not eligible for a guidelines sentence in Case No. 97-21703. *See* Fla. Stat. § 775.084(4)(g) (1997) (exempting habitual offender sentencing from sentencing guidelines procedure); *see also Studnicka v. State*, 679 So.2d 819, 822 (Fla. 3d DCA 1996) (habitual felony offender sentence pronounced after October 1, 1988, is not a sentence governed by sentencing guidelines). Petitioner was clearly aware that he could be sentenced to a term of 30 years as an habitual offender, and he had been informed by the trial court judge that a sentence of 10 years was not likely given his status as an habitual offender. Thus, the record refutes his assertion that he entered his plea based on an "understanding" that he "would get a guild [sic] line sentence alone [sic] with a 10 year sentence on the 97-21703 case" (Dkt. 1 at 22).

Trial counsel's duty to Petitioner was to provide him with an understanding of the law in relation to the facts, so that he could make an informed and conscious choice between accepting the prosecution's offer and going to trial. *See Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). It is clear from the record that Petitioner was informed of the charge against him and was well aware of the potential consequences of entering a guilty plea to the charge prior to doing so (Dkt. 12, Ex. 19, Vol. II at 12-16; 116-126).

The Sixth Amendment guarantees a criminal defendant the right to effective, not errorless, counsel. *Young v. Zant*, 677 F.2d 792, 798 (11th Cir. 1982); *Mylar v. Alabama*, 671 F.2d 1299, 1300 (11th Cir. 1982), *cert. denied*, 463 U.S. 1229 (1983). An inaccurate

22

prediction about sentencing alone will generally not be sufficient to sustain a claim of ineffective assistance of counsel. *See United States v. Pease*, 240 F.3d 938, 940-41 (11th Cir. 2001) (rejecting argument by defendant sentenced as a career offender to serve a term of 360 months that his plea was involuntary because he had relied upon counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years); *United States v. Arvanitis,* 902 F.2d 489, 494-95 (7th Cir. 1990) (no ineffective assistance where claim based only on inaccurate prediction of sentence); *United States v. Turner,* 881 F.2d 684, 687 (9th Cir.), *cert. denied,* 493 U.S. 871 (1989) (same); *United States v. Sweeney,* 878 F.2d 68, 69 (2d Cir. 1989) (same); *Calabrese v. United States,* 507 F.2d 259, 260 (1st Cir. 1974) (voluntariness of plea not subject to attack under § 2255 where sentence exceeded that predicted by counsel).

The Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir.) (en banc), *cert. denied,* 502 U.S. 835 (1991).

The transcript of the plea colloquy establishes that the trial court made a proper inquiry before concluding that Petitioner's plea was intelligent and voluntary, *see* Dkt. 12, Ex. 19, Vol. II at Tr. 116-24. The record reflects that Petitioner understood the rights he was waiving by entering a plea, the nature of the charge against him, and the maximum sentence he was facing, as well as the factual basis for the charge. There is nothing in the record to indicate that Petitioner was incompetent or otherwise not in control of his mental faculties when he

entered his plea. As the transcript of the plea colloquy reflects, Petitioner answered questions clearly and responsively and acknowledged a full understanding of his rights. As the trial court found in rejecting this claim, the record affirmatively demonstrates that Petitioner entered his plea voluntarily and knowingly with full awareness of the relevant circumstances and likely consequences of the plea. *Brady v. United States*, 397 U.S. 742 (1970). Petitioner has failed to demonstrate that trial counsel's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

The Court finds that Petitioner has failed to establish that the trial court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Thus, this claim lacks merit.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED**. Dkt. 1.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE AND ORDERED** this 9th day of February, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copy furnished to:
All Parties/Counsel of Record
SA:jsh

24